Thomas H. Whitaker *vs.* Frank E. Hesler.

June 12, 1879.

A particular contract construed.

Appeal by plaintiff from an order of the district court for Hennepin county, *Vanderburgh,* J., presiding, refusing a new trial.

*Benton & Benton,* for appellant.

*Geo. R. Robinson,* for respondent.

Gilfillan, C. J. George A. Savory and plaintiff were partners in the drug business at Minneapolis, plaintiff's interest being managed by Chas. S. Whitaker as his agent. Chas. S., as agent for defendant, but in his own name, agreed to purchase Savory's interest; and an agreement in writing, which recites that it is between Savory and Chas. S., but which was signed not only by them but by plaintiff, by Chas. S., his attorney in fact, was executed. The agreement recites that Savory, "in consideration of the undertakings, promises and agreements by said Whitaker (Chas. S.) hereinafter contained," agrees to and does sell and convey his interest in the firm business, and assets, excepting certain specified accounts. Then follows an agreement by Chas. S. to pay $2,952.90 of the late firm debts, and to pay Savory $4,311.85, "as stated and set forth in the actual settlement hereto annexed, and marked schedule C." This schedule is not in the record, and we have no means of knowing what it is; but as the contract recites a dissolution of the old firm, and contains stipulations as between the old partners, it is fair to infer that it was a settlement between them, showing the amount due from the firm to Savory. Then follows a clause assigning the excepted accounts to Savory to be and remain his sole and undivided property. After this is a stipulation that neither member of the late firm shall settle or pay any claim against the firm without the consent of the other, and that

· each shall pay his half of such claim when admitted or legally established. The agreement, although recited only to be between Savory and Chas. S., is, in effect and according to the stipulations, a contract between Savory and Chas. S., acting for defendant, for the purchase of Savory's interest, excepting the specified accounts, and also a contract between Savory and plaintiff in reference to some matters connected with the dissolution and the settling of the firm business.

Plaintiff claims that the assignment to Savory of his interest in the excepted accounts was a part of the consideration for the purchase by defendant, through his agent, Chas. S., of Savory's interest in the firm assets, and that defendant having thus received the benefit of such assignment to Savory, an implied promise on the part of defendant to pay him the value of his interest in the accounts so assigned arises. We do not see that this assignment to Savory was a part of the consideration for his sale to Chas. S. for defendant. It is not so expressed in the agreement. On the contrary, as there are stipulations between Savory and plaintiff, the assignment by the latter to the former would seem to be connected with those stipulations, and not with those between Savory and Chas. S., as agent for the defendant. The decision of the court below dismissing the action was correct.

Order affirmed.